UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>JODY DIXON )  | CRIMINAL NO. 03-10375-MLW |

DEFENDANT'S SENTENCING MEMORANDUM REGARDING
<u>BLAKELY v. WASHINGTON</u>, 124 S.Ct. 2531 (2004)

Defendant, Jody Dixon, has pled guilty to five counts of sending threatening communications through the U.S. Mail (18 U.S.C. § 876(c)). The probation department has determined that defendant's guideline sentencing range is 92-115 months.[1] PSR at ¶ 120.

Defendant argues that <u>Blakely</u> applies to the federal sentencing guidelines, and that the guideline scheme, with its integral reliance upon judge-found facts to enhance sentences, is wholly unconstitutional. The Court's sentencing discretion is bound only by the statutorily prescribed maximum (5 years per count).

Should the Court disagree that the guidelines are wholly unconstitutional, and determine that the infirm provisions may be severed from those that remain viable, defendant further argues that the guidelines as applied by the probation department in

---

[1] Defendant has objected to the probation department's guideline calculation in this case, and will submit a separate memorandum addressing the guideline issues, as well as defendant's personal background.

this case contravene <u>Blakely</u> in several respects.

ARGUMENT

A.  THIS COURT SHOULD FOLLOW THE DECISIONS OF THE SEVENTH, EIGHTH, AND NINTH CIRCUITS, AND NUMEROUS DISTRICT COURTS, TO FIND THAT <u>BLAKELY</u> APPLIES TO THE FEDERAL SENTENCING GUIDELINES.

As of this writing, the Seventh, Eighth, and Ninth Circuits, and numerous district courts, have ruled that <u>Blakely</u> applies to the federal sentencing guidelines.  See <u>United States v. Mooney</u>, 2004 WL 1636960 (8th Cir. July 23, 2004); <u>United States v. Ameline</u>, 2004 WL 1635808 (9th Cir. July 21, 2004); <u>United States v. Booker</u>, 2004 WL 1535858 (7th Cir. July 9, 2004).  See also <u>United States v. Mueffleman</u>, No. 01-CR-10387 (D.Mass. July 26, 2004)(Gertner, J.)(finding guidelines unconstitutional under <u>Blakely</u>, and collecting, at p. 24 & n.25, district court cases).  But see <u>United States v. Pineiro</u>, 2004 WL 1543179 (5th Cir. July 12, 2004)(<u>Blakely</u> does not apply to sentencing guidelines).

<u>Blakely</u> held that "the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose <u>solely on the basis of the facts reflected in the jury verdict or admitted by the defendant</u>."  <u>Blakely v. Washington</u>, 124 S.Ct. at 2537 (emphasis in original).  Those courts that have held that the guidelines contravene <u>Blakely</u> have generally relied upon the expansive rationale underlying the <u>Blakely</u> decision:

> [T]he relevant "statutory maximum" is not the sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.  When

2

> a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all of the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

Id. (quoting 1 J. Bishop, Criminal Procedure, § 87, at 55).  See Mooney, 2004 WL 1636960 at *12; Ameline, 2004 WL 1635808 at *5-6; Booker, 2004 WL 1535858 at *1-2.

This Court too should rule that the guidelines, which rely heavily on judge-found facts to determine the sentence, violate Blakely and the Sixth Amendment.

B.  THIS COURT SHOULD FIND THE GUIDELINES ARE NOT SEVERABLE, AND IMPOSE SENTENCE WITHIN THE STATUTORY MAXIMUM.

Courts that have found the guidelines unconstitutional in the wake of Blakely are divided on the issue of whether the infirm portions of the guidelines may be severed from those that do not offend the Sixth Amendment.  Severability is dependant upon legislative intent:  if Congress would not have enacted the legislation absent an unconstitutional provision, the legislation may not be severed.  See Alaska Airlines, Inc. v. Brock, 107 U.S. 1476 (1987).  The two Circuit Courts that have considered the issue are in conflict.[2]  The Eighth Circuit, in Mooney, held the guidelines non-severable on the basis that "the Guidelines were designed as an integrated regime, and therefore cannot be severed into constitutional and unconstitutional parts while still

---

[2] The Seventh Circuit, in Booker, reserved ruling on the severability issue.  Booker, 2004 WL 1535858 at *5-6.

3

remaining true to the legislative purpose." <u>Mooney</u>, 2004 WL 1636960 at *13.  The Ninth Circuit, in <u>Ameline</u>, found the guidelines severable, on the basis that <u>some</u> version of the guidelines (that which would presumably remain after infirm provisions are severed) advances the Sentencing Reform Act's aim of abolishing wholly indeterminate sentencing.  <u>Ameline</u>, 2004 WL 1635808 at *10-13.

Defendant submits that the result reached in <u>Mooney</u> is correct.  The guidelines work as an integrally bound set of directives.  They cannot be severed in a manner consonant with the fundamental purpose of the Sentencing Reform Act:  a coherent, rational, uniform sentencing scheme based upon judicial fact-finding.  This Court should find the federal sentencing guidelines wholly unconstitutional, and sentence defendant in the discretionary fashion that existed prior to the Sentencing Reform Act of 1984.  <u>See</u> <u>Mueffleman</u>, No. 01-CR-10387 (D.Mass. July 26, 2004)(Gertner, J.) at pp. 37-38 (if guidelines unconstitutional, court is obliged to sentence according to the pre-1984 system, with appropriate procedural safeguards).

C.  EVEN IF THIS COURT FINDS THE GUIDELINES SEVERABLE, THE GUIDELINES AS APPLIED BY THE PROBATION DEPARTMENT IN THIS CASE CONTRAVENE <u>BLAKELY</u>.

Even if this Court finds the guidelines are severable, the guidelines as applied by the probation department in this case contravene <u>Blakely</u>.

Defendant's base offense level is 12. U.S.S.G. § 2A6.1(a)(1). To that base offense level, the probation department has recommended the following offense level enhancements (among others):

| | | |
|---|---|---|
| § 2A6.1(b)(1) | (offense involved conduct evidencing an intent to carry out the threats) | **+ 6 levels** |
| § 3A1.2(a) | (official victim; offense motivated by such status) | **+ 3 levels** |

In order to apply these enhancements, the Court must find a fact (or facts) which were not pled in the indictment, and which defendant did not admit at his plea. Applying the enhancements would thus violate <u>Blakely</u> and the Sixth Amendment.

Beyond the offense level calculation, the <u>Blakely</u> violation in this case extends to the probation department's calculation of defendant's criminal history category (VI) as well. Any findings which increase defendant's Criminal History Category beyond CHC I violate <u>Blakely</u>, which extends <u>Apprendi v. New Jersey</u> to guideline sentencing. <u>Apprendi</u> did not over-rule, but does call into question, <u>Almendarez-Torres v. United States</u>, 118 S.Ct. 1219 (1998)(prior convictions which enhance a sentence are not subject to jury determination). <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348, 2362 (2000). For the reasons stated in Justice Thomas' concurrence in <u>Apprendi</u>, 120 S.Ct. at 2378-80, defendant's prior convictions are elements to be proven to a jury, since by law they increase punishment.

Further, the Chapter Four enhancements applied by the probation department in this case hinge upon facts beyond the bare fact of a prior conviction. For example, the probation department has determined that defendant is a career offender (a designation which is ultimately irrelevant in the circumstances of this case, where the statutory maximum is five years and the probation department has determined that defendant's criminal history score is 24). PSR at ¶¶ 54-55, 75. But U.S.S.G. § 4B1.1 requires a factual inquiry beyond whether there are two or more prior convictions. First, before the career offender provision applies, a defendant must be determined to be 18 years of age at the time of the commission of the federal offense. U.S.S.G. § 4B1.1(a)(1). Second, each predicate conviction must be for "a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). See United States v. Londono-Quintero, 289 F.3d 147, 151-52 & n.3 (1st Cir. 2002)(discussing scope of inquiry into nature of prior crime).

The assignment of criminal history points under U.S.S.G. § 4A1.1 and 4A1.2 similarly depends upon an inquiry beyond the bare fact of a prior conviction. See, e.g., § 4A1.1(a)(add 3 points for each sentence of imprisonment exceeding one year and one month)(PSR at ¶¶ 62, 63, 66, 71); § 4A1.1(b)(add 2 points for each sentence of imprisonment of at least 60 days)(PSR at ¶¶ 65, 67, 68, 70); § 4A1.1(d)(add 2 points if the instant offense was

committed while the defendant was under a criminal justice sentence)(PSR at ¶ 73).

In at least the foregoing respects -- the application of offense level enhancements under §§ 2A6.1(b)(1) and 3A1.2(a), and the enhancement of defendant's criminal history category beyond CHC I -- the guideline calculation in the presentence report violates <u>Blakely</u>.  Those enhancements, therefore, cannot apply.[3]

## CONCLUSION

For the foregoing reasons, the Court should find the guidelines wholly unconstitutional, and sentence defendant within the statutorily prescribed maximum.

```
                              JODY DIXON
                              By his attorney,

                              /s/ J. Martin Richey

                              J. Martin Richey
                                B.B.O.# 559902
                              Federal Defender Office
                              408 Atlantic Ave., 3rd. floor
                              Boston, MA  02210
                              Tel: 617-223-8061
```

---

[3] Defendant objects to the empanelment of a "sentencing jury" as there is no authority for such a procedure, which violates double jeopardy principles.